UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.  24cr10277 |
| | ) | |
| v. | ) | Violations: |
| | ) | |
| DAVID TETREAULT, | ) | Count One: Tax Evasion |
| | ) | (26 U.S.C. § 7201) |
| Defendant | ) | |
| | ) | Count Two: Theft of Government Money |
| | ) | (18 U.S.C. § 641) |
| | ) | |
| | ) | Count Three: Wire Fraud |
| | ) | (18 U.S.C. § 1343) |
| | ) | |
| | ) | Forfeiture Allegation: |
| | ) | (18 U.S.C. § 981(a)(1)(C) and |
| | ) | 28 U.S.C. § 2461) |
| | ) | |

INFORMATION

At all times relevant to this Information:

General Allegations

1.      The defendant, DAVID TETREAULT, lived in Massachusetts. Between in or about 2015 and in or about 2021, TETREAULT worked as a bookkeeper for an electrical and contracting business (the "electrical contractor") that was also located in Massachusetts.

Income Tax Evasion

2.      The Internal Revenue Service ("IRS") was an agency of the United States within the Department of the Treasury and was responsible for enforcing and administering the tax laws of the United States.

3.      Individual taxpayers generally were required to report each year to the IRS their income and attendant tax obligations on a Form 1040, U.S. Individual Income Tax Return.  The IRS used Form 1040 to assess taxpayers' tax liability.

<u>The Tax Fraud Scheme</u>

4.      As a bookkeeper for the electrical contractor, TETREAULT's duties included entering job costs, employee pay, and other expenses into the company's accounting records and annually providing these records and the company's bank statements to its tax return preparer.

5.      Between in or about 2015 and in or about 2021, the electrical contractor paid TETREAULT his wages in cash.

6.      TETREAULT did not record these cash wages in the company's accounting records.

7.      Beginning in or about 2016 and continuing through in or about 2021, TETREAULT used funds in the company's operating account to pay his personal credit card bills.

8.      TETREAULT did not record these credit card payments as compensation in the company's accounting records.  Instead, he disguised them as purported job costs.

9.      TETREAULT also manipulated the company's bank statements to disguise the payments of his credit card bills as job costs and other business expenses.

10.      During the tax years 2015 through 2021, TETREAULT received income of at least $2.1 million from the company in the form of cash payments and the payment of his credit card bills.  TETREAULT did not report any of this income on personal tax returns for any of these years.

11.      By disguising his income in the company's accounting records, concealing it from the company's tax return preparer, and not reporting these amounts and income from other sources on his personal tax returns, TETREAULT avoided reporting or paying over to the IRS the attendant tax due and owing of $623,602 for these tax years, as set forth below:

|  | Unreported Gross Receipts | Additional Tax Due |
|---|---|---|
| 2015 | $60,150 | $8,263 |
| 2016 | $94,295 | $16,753 |
| 2017 | $86,521 | $23,067 |
| 2018 | $201,607 | $50,453 |
| 2019 | $357,252 | $101,359 |
| 2020 | $627,376 | $197,746 |
| 2021 | $688,441 | $225,961 |
| Totals | $2,115,642 | $623,602 |

<u>The Theft of Social Security Disability Insurance</u>

12.     The Social Security Administration ("SSA") administered the Social Security Disability Insurance ("SSDI") program, which provided benefits for individuals with a disability who met certain other criteria.  Individuals who qualified could receive SSDI benefits if they did not work or if they earned less than a certain amount of income per month.

13.     The SSA required SSDI recipients to report changes in work status and income from work if wages exceeded certain thresholds.

14.     Beginning in or around 2015, TETREAULT—who was receiving SSDI benefits—received income from the electrical contractor that disqualified him from receiving further SSDI payments.

15.     TETREAULT did not report his work for the electrical contractor or his income to the SSA, as he was required to do.

16.     From in or around January 2016 to in or around May 2024, TETREAULT collected more than $159,816 in SSDI benefits to which he was not entitled.

3

<u>The Scheme to Defraud the Employees' Retirement System of Rhode Island</u>

17.     Employees of the State of Rhode Island were eligible to receive disability pension benefits if they became physically or mentally unable to perform their job.

18.     The Employees' Retirement System of Rhode Island ("ERSRI") administered disability pension benefits for the state.  ERSRI was required by state law to adjust a claimant's disability pension benefits if the claimant earned more than a certain amount of money.

19.     ERSRI required disability pension benefits recipients to submit a Continuing Annual Statement ("CAS") form indicating if the recipient had been employed and/or received any income during the prior calendar year.  The form required the recipient to certify under penalty of law that all information the claimant provided on the statement was accurate and truthful.

20.     TETREAULT did not submit CAS forms to ERSRI in 2016, 2017, 2018, 2020, and 2022, as he was required to do, and did not otherwise report his employment or income for the other years during which he worked for the electrical contractor.

21.     TETREAULT did submit CAS forms in or about 2019 and 2021, but falsely reported that he was not employed and that he earned no income during 2018 and 2020.

22.     Between 2016 and 2021, TETREAULT's income from the electrical contractor disqualified him from receiving disability pension benefits from ERSRI.

23.     By failing to report this income to ERSRI, TETREAULT collected at least $161,835 in disability pension benefits to which he was not entitled.

## COUNT ONE
Tax Evasion
(26 U.S.C. § 7201)

The United States Attorney charges:

24.     The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 11 of this Information.

25.     From in or about January 2020 through in or about April 2022, in the District of Massachusetts and elsewhere, the defendant,

DAVID TETREAULT,

willfully attempted in any manner to evade and defeat income tax due and owing by him to the United States of America for the calendar year 2020 by committing the following affirmative acts, among others: (a) taking cash compensation and not reporting those wages in the electrical contractor's accounting records; (b) using the company's bank account to pay personal credit card bills and disguising those payments as job costs in the company's accounting records; (c) concealing those payments of personal credit card bills from the company's tax return preparer; and (d) not reporting income from the company on the U.S. Individual Income Tax Return, Form 1040 that he filed with the Internal Revenue Service.

All in violation of Title 26, United States Code, Section 7201.

## COUNT TWO
Theft of Government Money
(18 U.S.C. § 641)

The United States Attorney further charges:

26.     The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 16 of this Information.

27.     From in or about January 2016 through in or about May 2024, in the District of Massachusetts and elsewhere, the defendant,

DAVID TETREAULT,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another, any money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, Social Security disability benefits, having a value of approximately $159,816.

All in violation of Title 18, United States Code, Section 641.

COUNT THREE
Wire Fraud
(18 U.S.C. § 1343)

The United States Attorney further charges:

28.     The United States Attorney re-alleges and incorporates by reference paragraphs 1 through 11 and 17 through 23 of this Information.

29.     On or about January 29, 2021, in the District of Massachusetts and elsewhere, the defendant,

DAVID TETREAULT,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, to wit, a direct deposit of $2,241.51 from ERSRI's Bank of America account ending in 1621 to TETREAULT's Santander Bank account ending in 7185.

All in violation of Title 18, United State Code, Section 1343.

<u>FORFEITURE ALLEGATION</u>
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

30.     Upon conviction one or more of the offenses set forth in Counts Two and Three, the defendant,

DAVID TETREAULT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to,

    a.  $159,816, to be entered in the form of a forfeiture money judgment, which is equal to the proceeds the defendant derived from Count Two; and

    b.  $161,853, to be entered in the form of a forfeiture money judgment, which is an amount equal to the proceeds the defendant derived from Count Three.

31.     If any of the property described in Paragraph 30, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property described in Paragraph 30 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

JOSHUA S. LEVY
Acting United States Attorney

By:           _____

DAVID M. HOLCOMB
Assistant U.S. Attorney


Date: September 9, 2024